UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PATRICIA A. FLOWERS, | : | |
| Plaintiff, | : | |
| | : | No. 3:15-cv-534 (VLB) |
| v. | : | |
| | : | |
| CONNECTICUT LIGHT AND POWER COMPANY, | : | April 28, 2020 |
| | : | |
| Defendant. | | |

### Ruling and Order Denying Motion for Relief from Judgment [Dkt. 69]

Plaintiff Patricia A. Flowers ("Flowers") moves under Federal Rules of Civil Procedure 60(b)(6) and 60(d)(3) for relief from the Court's September 29, 2017 judgment in favor of Defendant Connecticut Light and Power Company ("Defendant"). Flowers claims that the judgment was procured through a conspiracy of fraud on the Court. For the following reasons, the Court DENIES Flowers's motion.

### I. Procedural Background

Flowers filed this employment discrimination complaint against Defendant on April 10, 2015. [Dkt. 1]. Defendant filed a motion for summary judgment on September 26, 2016. [Dkts. 24 (Mot.), 25 (Mem. Supp), and 26 (Statement of Material Facts)).]. On November 16, 2016, Flowers, through her then-attorney Thomas Bucci, timely filed a Memorandum in Opposition [Dkt. 29] and Statement of Material Facts [Dkt. 30]. In a motion filed December 30, 2016, Flowers claimed that Attorney Bucci had omitted from discovery and the Opposition a number of pieces of evidence and requested leave to refile. [Dkt. 45]. The Court granted Flowers' motion, [Dkt. 48], and, on February 14, 2017, Flowers submitted a Substituted

Memorandum in Opposition. [Dkt. 52]. After considering the briefing, on September 29, 2017, the Court granted Defendant's Motion for Summary Judgment. [Dkt. 59]. Flowers appealed, and the Second Circuit affirmed this Court's decision. [Dkts. 65, 68].

## II.     Law of Fraud on the Court

The preclusive effect of a judgment advances the "dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

Rule 60(b) provides narrow grounds for relief from a final judgment, including for "any other reasons that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief from a judgment obtained through fraud on the court is not constrained by the strict one year deadline that constraints other Rule 60(b) motions. *See* Fed. R. Civ. P. 60(c)-(d). "Although both clause [Fed. R. Civ. P. 60 (b)](3) and the saving provision of Rule 60(b) provide for relief from a judgment on the basis of fraud, the type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient for relief by timely motion." *Gleason v. Jandrucko*, 860 F.2d 556, 558 (2d Cir. 1988). Fraud on the court "should embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Duse v. IBM Corp.*, 212 F.R.D. 58, 61 (D. Conn. 2002) (quotations omitted), *aff'd sub nom. Duse v. Int'l Bus. Machines Corp.*,

75 F. App'x 44 (2d Cir. 2003) (quoting *Kupferman v. Consol. Research and Mfg. Corp.,* 459 F.2d 1072, 1078 (2d Cir.1972)(Friendly, J.)). The few historic examples of fraud on the court include: a complex, deliberate fraudulent scheme to defraud the patent office, *Hazel–Atlas Glass Co. v. Hartford–Empire Co.,* 322 U.S. 238, (1944), and the corruption of a judge, *Chicago Title & Trust Co. v. Fox Theatres Corp.*, 182 F. Supp. 18 (S.D. N.Y. 1960).

"Fraud on the court must be established by clear and convincing evidence." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002). A movant "cannot circumvent the one year limitation by invoking the residual clause" for fraud upon the court, Fed. R. Civ. P. 60(d)(3). *Serzysko v. Chase Manhattan Bank,* 461 F.2d 699, 701 (2d Cir. 1972).

### III.   Discussion

Flowers alleges a conspiracy between the Equal Employment Opportunity Commission, Defendant, and her former counsel, Attorney Bucci, to defeat Flowers's retaliation lawsuit against Eversource. [Dkt. 69 at 5]. She bases this conclusion on the following evidence:

- Defendant's legal counsel emailed EEOC twice informing the EEOC that Defendant's copy of Flowers' EEOC complaint appeared to be incomplete and requesting that the EEOC provide Defendant with the remainder of Ms. Flowers' complaint. [Dkt. 69 at 2-3]. Ultimately, however, Defendant "addressed in detail" Flowers' allegations at the EEOC level. *Id.* at 3-4.

- The EEOC's determination letter included the sentence: "you allege that the Respondent failed to promote you in retaliation for filing a racial discrimination complaint," as opposed to a more generic phrase. *Id.* at 4-5.

- **Attorney Bucci omitted Flowers' claim that Defendant's "retaliation against [Flowers] by failing to conduct a thorough investigation into Flowers' internal racial discrimination complaint" in the Amended Complaint.** *Id.* **at 6. Attorney Bucci explained to Flowers that, "since the EEOC explained that the theory was that the investigation was not done properly so as to keep you from being promoted, that evidence would come in under our first cause of action: failure to promote. We don't have to separately allege it."** *Id.* **at 6-8.**

- **Attorney Bucci omitted multiple material facts and evidence from the first version of the Opposition to the Motion for Summary Judgment.** *Id.* **at 7 (citing [Dkts. 29, 30]).**

- **In its reply to the Substituted Opposition to the Motion for Summary Judgment, Defendant (a) argued that Ms. Flowers' evidence was insufficient because it was based on the "transcript of her deposition, with no support other than self-serving documents of her own creation" and (b) failed to specifically address each of the paragraphs of Ms. Flowers' 56(a)2 statement.** *Id.* **at 9-11.**

**Ultimately, Flowers alleges that the fraud was achieved by convincing the Court to improperly determine the motion for summary judgment on disputed facts.**

**The Court finds that Flowers has not shown fraud on the court by clear and convincing evidence. First, Flowers does not show that the alleged participants in the fraud took any steps to intentionally deceive the Court. Flowers also does not show or even claim that the allegedly participants took any steps to improperly influence each other or the Court by** *ex parte* **communications or other means.**

**Second, the Court remedied any harm that Attorney Bucci might have caused to Flowers's case through the omissions in the first version of the Opposition to the Motion for Summary Judgment when the Court provided Flowers with an opportunity to substitute another opposition to summary judgment.** *See* **[Dkt. 48] and [Dkt. 52].**

**Third,** Flowers has not shown that any fraud was achieved -- that is, that the Court's decision was based on fraudulently presented facts or on improper influences. Indeed, Flowers' main allegation of fraud – that the Court's decision was improperly reasoned – is not a question to be decided under Rule 60(d)(3), but instead one to be decided by appeal. Flowers has in fact pursued that route, and the Second Circuit has affirmed the Court's judgment. *See* [Dkt. 68]. The Court refuses to allow Flowers to attempt to circumvent that decision here.

## IV.     Conclusion

For the reasons set forth above, the Court denies Flowers' motion.

**IT IS SO ORDERED.**

     __/s/_____

     Hon. Vanessa L. Bryant
     United States District Judge
     District of Connecticut

**Dated this day in Hartford, Connecticut: April 28, 2020**